# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00203-CR

---

**Victoria Curl, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. 24DCR89167, THE HONORABLE DEBBIE GARRETT, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Victoria Curl was convicted on February 6, 2025, of the following felony offenses: one count of first-degree possession of a controlled substance with intent to deliver, one count of first-degree possession of a controlled substance, and two counts of second-degree possession of a controlled substance. *See* Tex. Health & Safety Code §§ 481.115(d), .116(e), .1123(d). The trial court sentenced Curl to fifteen years' confinement for each offense and ordered that the sentences run concurrently. On March 14, 2025, Curl filed an undated pro se notice of appeal, in which she stated that she had entered open guilty pleas to preserve her right to appeal; had signed appeal paperwork on February 10th at the direction of her former counsel; and had contacted pretrial services, who informed her that no appeal had been filed in her case.

The envelope in which Curl's notice of appeal was mailed was postmarked March 11, 2025,[1] and addressed to:

> 27th District Court Office
> P.O. Box 324
> Belton, TX 76513

To perfect an appeal, a defendant must file with the trial court clerk—within thirty days after the date sentence was imposed, or within ninety days after sentencing if the defendant timely filed a motion for new trial—a written notice of appeal showing her desire to appeal. *See* Tex. R. App. P. 25.2(b), (c), 26.2(a), (b). Because Curl did not file a motion for new trial, her notice was therefore due by March 10, 2025. *See id.* R. 4.1(a).[2]

Texas Rule of Appellate Procedure 9.2, known as the "mailbox rule," provides in relevant part:

> A document received within ten days after the filing deadline is considered timely filed if:
>
>> (A) it was sent to the proper clerk by United States Postal Service or a commercial delivery service;
>>
>> (B) it was placed in an envelope or wrapper properly addressed and stamped; and
>>
>> (C) it was deposited in the mail or delivered to a commercial delivery service on or before the last day for filing.

---

[1] The trial court appointed Curl appellate counsel on March 17, 2025.

[2] In criminal cases, unlike in civil cases, we cannot imply a motion for extension of time when a notice of appeal is filed within fifteen days of the deadline. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

Tex. R. App. P. 9.2(b)(1).  For the rule to apply, all three elements must be satisfied.  *Anderson v. State*, 625 S.W.3d 128, 132 (Tex. Crim. App. 2021).

Curl is not entitled to the mailbox rule because her notice was not sent to the trial court clerk, the notice was not mailed in a properly addressed envelope, and the record contains nothing from which we can conclude that the notice was deposited in the mail on or before March 10, 2025.  *Id.*; *see Castillo v. State*, 369 S.W.3d 196, 202 (Tex. Crim. App. 2012) (noting that "one day is enough to deprive the appellate court of jurisdiction to consider appellant's appeal under the Texas Rules of Appellate Procedure").  In *Anderson*, the Court of Criminal Appeals held that a notice of appeal mailed to the trial court—not the clerk or an agent of the clerk—is not entitled to Rule 9.2(b)(1)'s protection.[3]  625 S.W.3d at 132.  The Court explained its holding:

> [T]he trial court is not an agent of the district clerk, and for good reason:  judges are ethically prohibited from receiving *ex parte* communications from a party.  Instead, it is the clerk that is responsible for maintaining records filed in the court.  Tex. Gov't Code § 51.303.  Relevant to these proceedings, the clerk is also responsible for forwarding a copy of the notice of appeal to the appellate court and for transmitting the clerk's record to the appellate court upon perfection of an appeal.  *See* Tex. R. App. P. 25.2(e); 35.3(a).  Therefore, if a notice of appeal is not filed with the proper clerk, the clerk cannot fulfill his or her duties.  Therefore, Rule 9.2(b)'s requirement of mailing to the proper clerk is essential and ensures fairness in the judicial proceeding.

*Anderson*, 625 S.W.3d at 131–32.

Because Curl "did not comply with the plain, unambiguous mailbox rule, [s]he did not invoke the jurisdiction of the appellate court."  *Id.* at 134; *see Slaton v. State*,

---

[3]  The Court in *Anderson* noted in dicta that "if mailing the document to the convicting court was not sufficient under Rule 9.2, then it also would not qualify under the common law 'prisoner mailbox rule,' assuming Appellant had raised such an argument."  *Anderson v. State*, 625 S.W.3d 128, 132 (Tex. Crim. App. 2021).

981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (explaining that "[a] notice of appeal which complies with the requirements of Tex. R. App. P. 26 is essential to vest the court of appeals with jurisdiction" and that if appeal is not timely perfected, "a court of appeals does not obtain jurisdiction to address the merits of the appeal" and "can take no action other than to dismiss the appeal").

Accordingly, we dismiss the appeal for want of jurisdiction.[4]

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Dismissed for Want of Jurisdiction

Filed:   April 22, 2025

Do Not Publish

---

[4] The remedy for an untimely notice of appeal is to file an application for post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. *Bell v. State*, No. 03-24-00047-CR, 2024 WL 968884, at *1 n.1 (Tex. App.—Austin Mar. 7, 2024, no pet.) (mem. op., not designated for publication).